SUCCESSION OF RAYMOND JOHN BRANDT          NO. 21-C-88

                                           FIFTH CIRCUIT

                                           COURT OF APPEAL

                                           STATE OF LOUISIANA

_____
            April 13, 2021
_____

_____
            Susan Buchholz
            First Deputy Clerk


IN RE MARC S. MILANO, TRUSTEE OF THE RAYMOND JOHN BRANDT REVOCABLE TRUST

---

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LEE V. FAULKNER, JR., DIVISION "P", NUMBER 801-807

---

Panel composed of Judges Robert A. Chaisson,
Hans J. Liljeberg, and John J. Molaison, Jr.


**WRIT GRANTED**

Relator, Marc Milano, as Trustee of the Raymond John Brandt Revocable Trust, seeks review of the January 25, 2021 judgment in which the trial court granted the "Motion to Determine Validity of Wills" filed by Jessica Brandt, in her capacity as the Independent Testamentary Executrix of the Succession of Raymond J. Brandt, and declared the probated Last Will and Testament of Raymond John Brandt dated October 24, 2019 to be invalid and absolutely null. For the following reasons, we grant this writ application, vacate the judgment declaring the October 24, 2019 will to be absolutely null, and remand for further proceedings.

Procedural History

Raymond John Brandt died on November 14, 2019. Thereafter, on November 26, 2019, Mr. Brandt's surviving spouse, Jessica Brandt, filed a "Petition for Probate of Notarial Testament and for Confirmation of Independent Testamentary Executrix," requesting that Mr. Brandt's October 24, 2019 will be

given the effect of probate per La. C.C.P. art. 2891 and that she be confirmed as the independent executrix of the succession per the terms of the will. That same day, November 26, 2019, the trial court signed an Order declaring that Mr. Brandt's will "dated October 24, 2019 and prepared in accordance with Louisiana Civil Code Article 1577, be filed, deposited and recorded in the office of the Jefferson Parish Clerk of Court for the Parish of Jefferson" and that "this Order shall have the effect of probate." The Order further provided that Mrs. Brandt be appointed as the independent executrix of the succession and that letters testamentary issue to her upon taking the oath required by law.

Nearly one year later, on October 23, 2020, Todd Dempster filed a "Petition to Annul Probated Testament" pursuant to La. C.C.P. art. 2931, asserting that the October 24, 2019 will should be annulled because the attestation clause does not comply with La. C.C. art. 1577. In his petition, Mr. Dempster argued that a second will, dated January 16, 2015, was also null and that a third will, dated March 29, 2010, should control. In his Petition to Annul the 2019 will, Mr. Dempster recognized that "a probated testament may be annulled only by a direct action brought in the succession proceeding" pursuant to La. C.C.P. art. 2931.

In response to Mr. Dempster's Petition to Annul, Mr. Milano filed several exceptions. On December 1, 2020, the trial court rendered a judgment granting Mr. Milano's Exception of No Right of Action on the basis that Mr. Dempster has no procedural right to file a claim seeking to invalidate Mr. Brandt's will since he is not an heir, trustee, or legatee, and dismissing Mr. Dempster's Petition to Annul Probated Testament, with prejudice.[1]

Thereafter, on December 17, 2020, Jessica Brandt, solely in her capacity as the independent testamentary executrix of Mr. Brandt's estate, filed a "Motion to

---

[1] Mr. Dempster has filed an appeal from the December 1, 2020 judgment dismissing his Petition to Annul, which is pending.

Determine Validity of Wills." Although the October 24, 2019 will had already been probated, Mrs. Brandt asserted in her motion that there are competing notarial wills "vying for probate" and asked the trial court to determine which one is valid and should be probated and given legal effect. On December 23, 2020, Mr. Dempster filed a "Petition in Intervention into Jessica F. Brandt's Motion to Determine Validity of Wills," asserting that he is an interested third person in this matter because the 2010 will provides that he would become the sole executor of Mr. Brandt's estate if the designated co-executors are unwilling or unable to serve. Mr. Milano filed exceptions to Mrs. Brandt's Motion to Determine Validity of Wills and to Mr. Dempster's Petition to Intervene.

On January 22, 2021, Mrs. Brandt's Motion to Determine Validity of Wills and Mr. Milano's exceptions came for hearing before the trial court. After denying Mr. Milano's exceptions, the trial court heard argument on the Motion to Determine Validity of Wills and then took the matter under advisement. On January 25, 2021, the trial court rendered a judgment granting Mrs. Brandt's Motion to Determine Validity of Wills and declaring both the Last Will and Testament of Raymond John Brandt dated October 24, 2019, and the Last Will and Testament of Raymond John Brandt dated January 16, 2015, to be invalid and absolutely null. The trial court found that the attestation clause in both of these wills does not comply with the requirements of La. C.C. art. 1577. Mr. Milano seeks review of this judgment.

Discussion

In this writ application, Mr. Milano sets forth the following four assignments of error:

1) The trial court erred in granting Mrs. Brandt's Motion to Determine Validity of Wills in which the trial court invalidated Mr. Brandt's probated 2019 will.

2) The trial court erred by refusing to permit Mr. Milano to introduce evidence that would have clarified any alleged ambiguity on whether the 2019 will complied with the statutory formalities of La. C.C. art. 1577.

3) The trial court erred by invalidating a probated testament in a manner outside of the procedure set forth in La. C.C.P. art. 2931, which provides the exclusive method by which a probated testament may be challenged and annulled.

4) The trial court erred by failing to rule on all issues presented in Mrs. Brandt's Motion to Determine Validity of Wills.

We first address assignment of error number three, as it contains a procedural challenge to the judgment. Mr. Milano argues that the trial court erred by invalidating a probated testament in a manner outside the procedure of La. C.C.P. art. 2931, because this article provides the exclusive procedure by which a probated testament may be challenged and annulled. He asserts that since it is undisputed that Mrs. Brandt's motion was not brought in accordance with La. C.C.P. art. 2931, the correct procedure to seek annulment of a probated testament was not followed and the judgment annulling the October 24, 2019 will should be reversed.

Mrs. Brandt filed a response to the writ application, maintaining that she is not advocating for the validity or invalidity of any of the wills, but also asserting that the trial court did not err by making a determination as to the validity of the October 24, 2019 will because it was obligated to do so pursuant to La. C.C.P. art. 2853. In his memorandum in opposition to the writ application, Mr. Dempster argues that La C.C.P. art. 2931 does not set forth an exclusive procedure for a probated will to be declared null. Rather, he contends that a probated will may be annulled by a "second procedure" set forth in La. C.C.P. art. 2853, when there are one or more documents purporting to be a valid will and there is a question as to their validity. These arguments are not supported by the Louisiana Code of Civil Procedure or the controlling jurisprudence.

La. C.C.P. art. 2931 provides:

> A probated testament may be annulled *only* by a direct action brought in the succession proceeding against the legatees, the residuary heir, if any, and the executor, if he has not been discharged. The action shall be tried as a summary proceeding. (Emphasis added.)

Pursuant to La. C.C.P. art. 2931, a probated testament cannot be attacked collaterally. Rather, the language of this article clearly provides that a direct action is required to annul a probated testament.

The starting point in the interpretation of any law is the language of the law itself. *Succession of Harlan*, 17-1132 (La. 5/1/18), 250 So.3d 220, 224, *citing M.J. Farms, Ltd. v. Exxon Mobil Corporation*, 07-2371 (La. 7/1/08), 998 So.2d 16, 27. It is presumed that every word, sentence, or provision in a law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were employed. *Succession of Carter*, 19-545 (La. App. 5 Cir. 5/28/20), 298 So.3d 370, 373, *writ denied*, 20-808 (La. 10/14/20), 302 So.3d 1117; *Succession of Toney*, 16-1534 (La. 5/3/17), 226 So.3d 397, 406. When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; *Harlan*, 250 So.3d at 224.

La. C.C.P. art. 2931 indicates by the plain and unambiguous wording of the article that a probated testament can "only" be annulled via a direct action. It is presumed that the word "only" was intended to serve a purpose and should be given effect. This article does not provide an exception for La. C.C.P. art. 2853 or any other provision of law.

We also note that La. C.C.P. art. 2931 is located in Chapter 4 of Book VI, Title I of the Louisiana Code of Civil Procedure entitled, "Annulment of Probated Testaments," whereas La. C.C.P. art. 2853 is located in Section 1 of Chapter 3, entitled, "Procedure Preliminary to Probate." Further, the language of La. C.C.P.

5

art. 2853 does not provide a procedure to annul a testament after it has been probated. Rather, it provides, in pertinent part:

> If a person has possession of a document purporting to be the testament of a deceased person, even though he believes that the document is not the valid testament of the deceased, or has doubts concerning the validity thereof, *he shall present it to the court with his petition* praying that the document be filed in the record of the succession proceeding. (Emphasis added.)

In the present case, Mrs. Brandt did not file her Motion to Determine Validity of Wills prior to requesting probate of the October 24, 2019 will or with her Petition to Probate this will. With her petition, Mrs. Brandt filed only the October 24, 2019 will, requesting that it be probated and that she be confirmed as the independent executrix of the succession. The trial court signed an Order probating this will on November 26, 2019. Pursuant to La. C.C.P. art. 2931, once the October 24, 2019 will was probated, it could only be annulled via a direct action challenging the validity of the probated will. The plaintiff in an action to annul a statutory or notarial testament has the burden of proving the invalidity of the testament. La. C.C.P. art. 2932(B).

Mrs. Brandt did not file a direct action seeking to annul the October 24, 2019 judgment pursuant to La. C.C.P. art. 2931. Rather, she filed a "Motion to Determine Validity of Wills," under La. C.C.P. art. 2853, in which she did not challenge the validity of the 2019 will. She expressly disclaimed any advocacy in support of or in opposition to any of the wills executed by Mr. Brandt. As previously noted, La. C.C.P. art. 2853 does not provide a procedure by which to annul a probated will. Accordingly, the trial court's judgment annulling the October 24, 2019 will must be vacated.

Conclusion

Considering the foregoing, we find that the trial court erred by declaring the October 24, 2019 will to be absolutely null and without effect, based on Mrs.

6

Brandt's motion and not a direct action. Therefore, we grant Mr. Milano's writ application, vacate the judgment declaring the October 24, 2019 will to be absolutely null, and remand for further proceedings. Considering our decision to vacate the judgment annulling the 2019 will, we pretermit discussion of the remaining assignments of error.

Gretna, Louisiana, this 13th day of April, 2021.

**HJL**
**RAC**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **04/13/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-88**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Lee V. Faulkner, Jr. (DISTRICT JUDGE)
Courtney C. Miller (Respondent)
Thomas M. Flanagan (Respondent)
William K. Wright, IV (Respondent)
Randall A. Smith (Respondent)

Philip A. Franco (Respondent)
Fred L. Herman (Respondent)
Jeffrey E. Richardson (Respondent)
Matthew A. Sherman (Respondent)
Robert J. Burvant (Relator)
Walter R. Woodruff, Jr. (Respondent)

### MAILED

Timothy S. Madden (Relator)
Henry A. King (Relator)
J. Grant Coleman (Relator)
W. Spencer King (Relator)
Attorneys at Law
201 St. Charles Avenue
Suite 4500
New Orleans, LA 70170

Monica L. Hof (Respondent)
Attorney at Law
7214 St. Charles Avenue
Box 901
New Orleans, LA 70118

David R. Sherman (Respondent)
Jacob D. Young (Respondent)
Meredith E. Chehardy (Respondent)
Attorneys at Law
One Galleria Boulevard
Suite 1100
Metairie, LA 70001